## Kane & Elk Railroad Co., Appellant, *v.* Public Service Commission.

*Railroads—Crossings at grade—Public Service Commission—Allowance for grade crossing.*

The right assured by Section 1 of Article XVII of the Constitution to a railroad company to construct its tracks across those of another railroad company is now regulated by the Public Service Corporations created by the Act of July 26, 1913, P. L. 1374, and

an order permitting such a crossing will not be reversed on appeal where it appears that the tracks complained of were short lines, practically switches, to carry freight from a manufacturing establishment; that the trains operated on them were run only at intervals and did not carry passengers; that an overhead crossing was wholly impracticable in the locality; and that the commission caused an examination to be made on the ground by its chief engineer and the investigator of accidents before making the order.

Argued Nov. 1, 1917.    Appeal, No. 31, March T., 1918, by plaintiff, from order of Public Service Commission, permitting a grade crossing in case of Kane & Elk Railroad Company v. The Public Service Commission of the Commonwealth of Pennsylvania and Gaffney & James City R. R. Co.    Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.    Affirmed.

Petition to permit the Gaffney & James City Railroad Co. leave to construct its tracks so as to cross at grade three times the tracks of the Kane & Elk Railroad Company.

The material finds of the commission are stated in the opinion of the Superior Court.

*Error assigned* was the order of the Public Service Commission.

*Alexander Simpson, Jr.*, with him *F. D. Gallup*, for appellant.—It is the settled policy of the State of Pennsylvania, as administered by the courts, to permit of no grade crossing of a railroad over another railroad, except in case of manifest and other unavoidable necessity: Balto. & Ohio R. R. v. Butler Pass. Ry. Co., 207 Pa. 406; Pittsburgh & Lake Erie R. R. Co. v. Lawrence County, 198 Pa. 1.

The fact that the capital of a railroad is limited is not sufficient reason to justify a grade crossing, nor that the road is a local road through a sparsely settled coun-

try with a limited amount of business and but few trains: Perry County R. R. Extension Co. v. Newport & Sherman's Valley R. R. Co., 150 Pa. 193; Scranton, Etc., Traction Co. v. Del. & H. Canal Co., 180 Pa. 636; Williams Valley R. R. v. Lykens, Etc., R. R. Co., 192 Pa. 552; Mifflinville Bridge, 206 Pa. 420; Sharon Ry. Co.'s App., 122 Pa. 533; Pittsburgh Junction R. R. Co.'s App., 122 Pa. 511; Smethport R. R. Co. v. Pittsburgh, Etc., R. R. Co., 203 Pa. 176.

We contend that the Public Service Commission Act does not change the policy of the law as to grade crossings; it changes the method of getting a grade crossing, but it does not entitle one railroad to cross another at grade, where such railroad would not have had a right by law to cross it prior to the creation of the commission, while the act says "exclusive power" shall be vested in the commission, yet we contend this, that in the discretion of this commission they may fix these crossings, but we say that that discretion is a legal discretion and is not an unbridled discretion that can be used to confiscate the property of one public service company and turn it over to another. As a matter of fundamental law, the legislature could not give such authority to this Public Service Commission, or any other commission.

*W. B. Linn,* with him *H. B. Gill,* for intervenor: Gaffney & James City R. R. Co., cited Western Allegheny's Petition, 233 Pa. 438.

OPINION BY HENDERSON, J., April 22, 1918:

The controversy in this case relates to grade crossings over two tracks of the appellant company. A certificate of public convenience approving the crossings was allowed by the Public Service Commission on June 18, 1914. On the petition of the appellant a rehearing was granted and a rescission of that order was made pending the action of the commission on the rehearing. The rehearing was held pursuant to appointment on July 9,

1914, and on August 5, 1914, the report of the commission was filed and an order issued granting the certificate with a slight modification of the original order. Soon thereafter the crossings were constructed conformably to the direction of the commission and have been in use since that date. An appeal was taken to the Court of Common Pleas of Dauphin County but was not disposed of before the jurisdiction of that court over the subject was transferred to the Superior Court. The respective parties in interest maintain short lines of railroad in McKean and Elk Counties; the appellant's extends from Kane to McKinley; the intervenors from a point about a mile north of Gaffney on the line of the P. & W. R. R. to James City. At the latter place the American Plate Glass Company has an extensive plant. The main line of the appellant does not reach James City. It is located in a valley about half a mile distant. A spur was constructed, called in the proceeding a "switchback," by means of which it reaches the glass company works. On account of the steepness of the grade it operates this switch with a gear wheel locomotive. The switchback terminates about two hundred feet east of a public road and about twelve hundred feet east of the buildings of the glass plant. Just west of the public road there is a spur paralleling the highway for several feet. West of this and leading from the switchback is a track about six hundred feet in length entering the glass plant. Two hundred feet further west there is a parallel branch entering the glass plant. The track of the Gaffney & James City railroad is laid across the public road over which the switchback of the appellant's road crosses at grade. About one hundred and fifty feet west of this crossing the track of the latter company branches, one line crossing the southerly, and the other the northerly, of the last above-mentioned tracks of the Kane & Elk Railroad and each of them terminating at the glass plant. It results that there are three crossings at grade of the appellant's tracks by the tracks of the

Gaffney & James City lines. It is because of these crossings that the appellant complains. The switches are not used for passenger service, but are devoted wholly to the business of the glass plant. It is not disputed that the subject is within the jurisdiction of the Public Service Commission. The right assured by Section 1 of Article XVII of the Constitution to a railroad company to construct its tracks across those of another railroad company was regulated by statute prior to the Act of July 26, 1913, creating the Public Service Commission. The authority theretofore vested in the courts was transferred to the commission as appears from Section 12 of Article V: "the commission shall have exclusive power to determine, order and prescribe in accordance with plans and specifications to be approved by it, the just and reasonable manner, including the particular point of crossing in which the tracks or other facilities of any public service company may be constructed across the tracks or other facilities of any other public service company at grade or above or below grade, or at the same or different levels; ......No such crossing shall be constructed without the approval of the commission evidenced by its 'Certificate of Public Convenience' as provided in section five of article three of this act, but in no case shall the approval or consent of any court, board, or other commission or officer, or of any municipality, be necessary therefor." It is provided in the eighteenth section of the fifth article that when an application shall be made to the commission for the approval of the construction, alteration, relocation or abolition of any crossing at grade or above or below grade such approval shall be given only if, and when, the commission shall determine that the granting or approval of such application is necessary or proper for the service, accommodation, convenience or safety of the public; and by section nineteen for the purpose of enabling the commission to make such finding or determination it is directed, among other things, to "make such inquiries,

physical examination, valuation or investigation as it may deem necessary or proper in enabling it to reach a determination." This legislation brings the whole subject of crossings under the control of the Public Service Commission and provides the manner in which their determination shall be arrived at. There is no room for debate therefore, in regard to the power of the commission to decide inquiries of the kind raised in a proceeding of this character. The question before us for determination is not one of law, therefore. We agree with the argument of the learned counsel for the appellant that the policy of the State has been against the crossing at grade of one railroad over the track of another where an overhead crossing is reasonably practicable. What the facts were in each case was a question for the determination of the court. There was no prohibition of grade crossings. The Act of June 19, 1871, P. L. 1360, imposed on the court the duty to ascertain and define the mode of crossing which would inflict the least possible injury upon the rights of the railroad intended to be crossed, and where it was reasonably practicable to avoid a grade crossing such crossing was to be prohibited. Whether it is "reasonably practicable" to avoid such crossing is a question of fact to be determined from evidence and the authority to so inquire and find is now vested in the Public Service Commission. The report of the commission shows that it caused an examination to be made on the ground by its chief engineer and the investigator of accidents and a volume of testimony was taken bearing on the question of the reasonableness of the application for the crossings. There is not only a finding that they are reasonably practicable but that an overhead crossing is wholly impracticable in the locality and this does not seem to be seriously controverted; at least it is strenuously contended that the proper means of access to the glass plant by the Gaffney & James City Company would be by a connection with the appellant's track about a mile from the plant. The conclu-

sion of the commission is presumed to be correct as to the nonfeasibility of an overhead crossing and the evidence does not disclose such a state of facts as would warrant us in holding that the plan adopted is unreasonable. All of these tracks in the vicinity of the glass plant are practically switches; trains of cars in the general understanding of that term are not run over them; a few cars are switched into or out of the plant as its business requires and there is not, therefore, the same liability to accidents as where trains are operated at high speed and the risks are increased by frequent train service. The conclusions of the commission are supported by competent evidence of a positive character and this is not so overcome by opposing evidence as to impeach the judgment of the commission.

The appeal is dismissed and the order of the commission affirmed.